B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Lizbeth Anaya**  
Debtor(s)

Case No.  **22-90187**  
Chapter  **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 4,250.00 |
   | Prior to the filing of this statement I have received | $ 0.00 |
   | Balance Due | $ 4,250.00 |

2. The source of the compensation paid to me was:

   ☒ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☐ Debtor   ☒ Other (specify):  Legal Insurance - $1,100.00.  Debtor - $3,150.00

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

   a. Representation in adversary proceedings (other than for turnover of estate property); conversion; appeals

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

5/23/2022  
Date

/s/ Dust All  Dustin Allen
~~David Freydin~~  Dustin Allen  
Signature of Attorney  
Law Offices of David, PC  
579 W. North Avenue  
Suite 203  
Elmhurst, IL 60126  
630-516-9990  Fax: 630-866-897-7577  
~~david.freydin@freydinlaw.com~~  Dustin@FreydinLaw.com  
Name of law firm

## **RETENTION AGREEMENT**

This agreement describes the rights and duties of debtors and their lawyers in Chapter 13 bankruptcy case. By signing this agreement, the debtor and lawyer agree to do everything this agreement requires. **DO NOT** sign this agreement unless you have read it and understand it. This agreement replaces any conflicting agreement between the debtor and the lawyer.

### 1. Duties of the Debtor and the Lawyer

**A. Counseling Before Filing a Bankruptcy Case**

Before a bankruptcy case is filed, the debtor must provide financial and other information to the lawyer. The lawyer must evaluate the information and advise the debtor whether filing a bankruptcy case is appropriate, and if so, under which chapter of the Bankruptcy Code. The lawyer must explain the advantages and disadvantages of filing a bankruptcy case. If filing a chapter 13 bankruptcy case is appropriate, the lawyer must explain how and when attorneys' fees will be paid.

**B. Documents for the Case**

The lawyer or a member of the lawyer's staff must prepare all the documents required to be filed in the bankruptcy case. The debtor must provide all information the lawyer or a member of the lawyer's staff requests to prepare the documents. Failure to provide requested information will make it difficult or impossible for the lawyer to file the case or to represent the debtor once the case is filed. The lawyer must review each document with the debtor, who must approve and sign the documents.

**C. Representation of the Debtor throughout the Case**

The lawyer must represent the debtor at the § 341 meeting of creditors and in all court hearings. The lawyer must prepare and file all motions necessary for the case and must represent the debtor on all other motions that affect the debtor's interests. The lawyer must examine all claims creditors file in the case and must object to claims if appropriate. The lawyer must be available to answer the debtor's questions about the case and must answer them in a timely manner. The debtor must notify the lawyer of any significant change in the debtor's circumstances, such as the loss of a job or the proposed purchase or sale of a home or car. The debtor must also notify the lawyer of any change in the debtor's address, phone number, or email address. If the debtor and the lawyer decide that the case should be converted to a case under chapter 7, the lawyer must file the notice of conversion. The lawyer must file and represent the debtor in adversary proceedings for turnover of property of the bankruptcy estate.

### 2. Attorneys' Fees and Expenses

**A. Flat Fee for Attorneys' Fees**

The lawyer may charge a flat fee for all services required in this agreement. The flat fee may not exceed the amount permitted by the court when the case is filed.

The flat fee does not cover:

- representing the debtor in adversary proceedings other than for turnover of estate property

- representing the debtor in the chapter 7 case, if the case is converted to chapter 7

- representing the debtor in appeals

The debtor and the lawyer can negotiate an additional fee for representation in adversary proceedings not included in the flat fee and for representation in a chapter 7 case if the case is converted.

### B. Expenses

The lawyer may also charge the debtor for certain actual, necessary expenses incurred in representing the debtor as permitted in this paragraph. These expenses are in addition to the flat attorney's fees. The court must approve all expenses. The lawyer will charge the debtor for the following expenses:

- Court filing fees

- Fees charged by a credit reporting agency for a credit report

- Other actual, necessary expenses, but only if the lawyer submits to the court an itemization of the expenses with supporting copies of invoices or other documents

### C. Advance Payment to the Lawyer

The lawyer and the debtor must agree on whether the debtor will pay any or all of the attorneys' fee owed for the case before it is filed. If the debtor makes a payment before the case is filed, the payment will be treated as an advance payment retainer. The lawyer must explain to the debtor how an advance payment retainer is treated. The lawyer will not hold the retainer in a client trust account and it will become property of the lawyer upon payment. The special purpose of the advance payment retainer is that it permits the lawyer to be paid for essential work that must be performed before the court can consider the lawyer's fee application. The lawyer is not required to keep detailed time records because this is a flat fee agreement. The lawyer need not refund any portion of the advance payment if work is not performed, unless the court orders the lawyer to do so.

### D. Payment of the Balance during the Case

Attorneys' fees not paid before the case is filed, or that will not be paid by legal insurance, will be paid to the lawyer by the trustee out of the debtor's plan payments. The debtor may not pay the lawyer directly after the case is filed. The debtor's Chapter 13 plan may not provide for current monthly payments to secured creditors that are other than in equal amounts. The lawyer may not file a Chapter 13 plan for the debtor in which payments to a secured creditor are set at an amount that accelerates payments to the lawyer.

### 3. Dismissal or Conversion of the Case

If the bankruptcy case is dismissed or converted to another chapter before all plan payments have been made, the attorneys' fees paid to the lawyer are not refundable, unless the court orders the fees refunded. If the bankruptcy case is dismissed after the court has granted the lawyer's application for compensation, the lawyer will not enforce the order granting the application against the debtor for any unpaid fees or expenses.

### 4. Termination of this Agreement

The debtor may terminate this agreement at any time. By terminating the agreement, the debtor ends the lawyer's representation. If the lawyer has not been paid in full when the agreement is terminated, the court may reduce the balance of attorneys' fees owed based on the services the lawyer provided before termination. If the debtor terminates this agreement and hires another lawyer, the court may apportion the flat fee between the lawyers. The lawyer may terminate this agreement only with court approval.

### 5. Amount of Attorneys' Fees and Expenses

**A. Attorneys' Fees:**

The debtor agrees to pay the lawyer a flat fee of $4,250.00 for the lawyer's services in the chapter 13 case. However, the debtor's obligation to pay the attorney will be reduced by $1,100.00 as a result of the payment anticipated by the debtor's legal insurance plan. Accordingly, the attorney will seek to be paid $3,150.00 through the bankruptcy plan.

**B. Expenses**

The debtor agrees to pay $313.00 to the attorney to pay the court's filing fee in this case. Additionally, the debtor agrees to pay $45.00 to the attorney for a credit report. As of the date of this contract, both fees have been paid by the debtor, and the attorney will not seek to be reimbursed for any expenses paid through the plan.

_____
Debtor (DocuSigned)

4/21/2022
Date

_____
Attorney for Law Offices of David Freydin, Ltd.

4/22/2022
Date